IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE LUIS MARTINEZ-GRIJALVA, | :: | MOTION TO VACATE |
| Movant pro se, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0074-TWT-WEJ-3 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-2673-TWT-WEJ |

### **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant pro se Jose Luis Martinez-Grijalva's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [143] ("Motion to Vacate"), the Government's response [145], and Mr. Martinez-Grijalva's reply [147]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**, and that the Court **DECLINE** to issue a certificate of appealability.

### **I.  PROCEDURAL HISTORY**

A federal grand jury returned a four-count indictment against Mr. Martinez-Grijalva and three co-defendants, charging Mr. Martinez-Grijalva in Count One with conspiracy to possess with the intent to distribute at least five kilograms of a mixture

and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), and 846; and in Count Two with distributing at least five kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of §§ 841(a)(1), 841(b)(1)(A)(ii), and 18 U.S.C. § 2. (Indict. [22].) Mr. Martinez-Grijalva pleaded guilty to Count One pursuant to a negotiated plea agreement in which the government agreed to dismiss the remaining count. (Guilty Plea and Plea Agreement [68-1] 1, 3; Plea Tr. [120] 3, 8.) The plea agreement included an appeal-waiver provision, which provided that Mr. Martinez-Grijalva

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Mr. Martinez-Grijalva] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

(Guilty Plea and Plea Agreement 9-10.) This provision of the plea agreement further provided that Mr. Martinez-Grijalva could file a cross-appeal if the government appealed the sentence. (Id. at 10.) Mr. Martinez-Grijalva signed the plea agreement and a separate certification section, which states in relevant part:

2

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(Id. at 11-12.)

At the plea hearing, Mr. Martinez-Grijalva was sworn in and testified through an interpreter. (Plea Tr. 2, 4.) The Court explained to Mr. Martinez-Grijalva the rights he was giving up in pleading guilty, and Mr. Martinez-Grijalva stated that he understood. (Id. at 6-8.) Mr. Martinez-Grijalva confirmed that no one had promised him anything not included in the plea agreement or threatened him to induce a guilty plea. (Id. at 10.) Mr. Martinez-Grijalva further affirmed that he had sufficient time to consider and discuss this matter with his attorney before entering his plea and that he was satisfied with counsel's representation. (Id. at 12.) Mr. Martinez-Grijalva stated that he understood that he was charged with participating in a conspiracy to possess with the intent to distribute five or more kilograms of cocaine. (Id. at 13-14.) Mr. Martinez-Grijalva also understood that he faced a possible maximum sentence of life imprisonment and a ten-year mandatory minimum sentence. (Id. at 14-15.) The Court discussed the United States Sentencing Guidelines with Mr. Martinez-Grijalva and

3

explained that the guideline recommendation is only advisory so the Court could impose a sentence above or below that range. (Id. at 15-16.) The Court also reviewed the terms of the appeal-waiver provision of the plea agreement and its consequences, and Mr. Martinez-Grijalva affirmed that he understood the effect of the waiver and that he freely and voluntarily chose to give up his right to appeal. (Id. at 16.) The prosecutor then summarized what the evidence would show if the case went to trial, and Mr. Martinez-Grijalva agreed with those facts. (Id. at 18-22.) The Court accepted Mr. Martinez-Grijalva's plea. (Id. at 22-23.)

At the sentencing hearing, the Court determined that Mr. Martinez-Grijalva's guideline range was 135 to 168 months of imprisonment and sentenced him to a total of 135 months of imprisonment. (Sentencing Hr'g Tr. [121] 23, 30; J. [102].) Mr. Martinez-Grijalva filed a timely notice of appeal [104]; however, on February 3, 2012, the United States Court of Appeals for the Eleventh Circuit dismissed Mr. Martinez-Grijalva's appeal pursuant to the valid appeal waiver contained in his plea agreement [139].

Mr. Martinez-Grijalva timely filed the instant Motion to Vacate, arguing that he received ineffective assistance of counsel during sentencing because counsel failed to (1) renew the objections to Mr. Martinez-Grijalva's presentence investigation report

4

("PSR") at sentencing, (2) object "to the sentencing judge's failure to resolve on the record, the objected portions of the PSR," and (3) inform the Court of "the disparity between fast-track and non-fast-track defendants," so that the Court could exercise its discretion to depart from the guideline range. (Mot. Vacate 4, 6-7.) Mr. Martinez-Grijalva also contends that his counsel was ineffective for not informing him "that by pleading guilty he [would] get an upward adjustment in his sentence for his leadership role."[1] (Id. at 8.) The government responds that Mr. Martinez-Grijalva's claims are barred by his valid appeal waiver. (Resp. 7-10.) Mr. Martinez-Grijalva replies that his appeal waiver "does not preclude his ineffective assistance of counsel claim[s]" concerning his objections to the PSR and "the lack of facts" supporting his role enhancement. (Reply 1-4.)

## II. DISCUSSION

### A. Legal Standards

A federal prisoner may file a motion to vacate his sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

---

[1] Although Mr. Martinez-Grijalva's Motion to Vacate lists an additional ground for relief, it is actually an argument that his appeal waiver does not apply to his ineffective assistance of counsel claims and not a separate ground for relief. (Mot. Vacate 5.)

5

> jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned **REPORTS** that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although a prisoner seeking collateral relief is entitled to an evidentiary hearing if relief is warranted by the facts he alleges, which the court must accept as true, a hearing is not required if the record conclusively demonstrates that no relief is warranted).

### B. Effect of Appeal Waiver

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). "[F]or a sentence-appeal waiver to be enforceable, '[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record

6

that the defendant otherwise understood the full significance of the waiver.'" Id. "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

The plea hearing transcript in this case reveals that Mr. Martinez-Grijalva voluntarily pleaded guilty with a full understanding of the charges and the consequences. (Plea Tr. 6-8, 10-11, 13-16, 18-23.) The Court specifically questioned Mr. Martinez-Grijalva about the appeal waiver, and it is clear that Mr. Martinez-Grijalva understood the full significance of the waiver. (Id. at 16.) Accordingly, the undersigned **REPORTS** that Mr. Martinez-Grijalva voluntarily and intelligently waived his right to appeal his convictions and sentences and to pursue any other collateral post-conviction relief. Moreover, the United States Court of Appeals for the Eleventh Circuit found that Mr. Martinez-Grijalva's appeal waiver was valid and enforceable, and Mr. Martinez-Grijalva may not relitigate in his § 2255 motion matters that were decided against him on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). The only exceptions to this waiver, i.e., a government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not

7

apply here. Thus, Mr. Martinez-Grijalva's valid appeal waiver precludes his "§ 2255 claims based on ineffective assistance at sentencing." Williams, 396 F.3d at 1342.

### C. **Validity of Guilty Plea**

In his fourth ground for relief, Mr. Martinez-Grijalva appears to challenge the validity of his guilty plea based on counsel's alleged failure to advise him that he could receive a sentencing enhancement for his role in the offense. (Mot. Vacate 8.) Challenges to the validity of his guilty plea based on ineffective assistance are not barred by his appeal waiver. Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam) (unpublished). To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). Mr. Martinez-Grijalva has the burden of affirmatively proving prejudice. Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000). Additionally,

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent

8

> collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

As previously noted, the plea hearing transcript in this case reveals that Mr. Martinez-Grijalva voluntarily pleaded guilty with a full understanding of the charges and the consequences. (Plea Tr. 6-8, 10-11, 13-16, 18-23.) Notably, Mr. Martinez-Grijalva affirmed his understanding that it was "not possible to determine the exact guidelines for [his] case until after the [PSR was] completed and [he] and the Government . . . had an opportunity to challenge the facts reported by the probation officer." (Id. at 15.) Moreover, Mr. Martinez-Grijalva does not allege that he would have insisted on going to trial had he known that he could receive an enhancement for his role in the offense. Thus, Mr. Martinez-Grijalva is not entitled to relief as to this ground because he has failed to show deficient performance by counsel or prejudice. See Hill, 474 U.S. at 57, 59.

## III. CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a

certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Mr. Martinez-Grijalva's claims for relief, the resolution of the issues presented is not debatable by jurists of reason; thus, the Court should deny a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Motion to Vacate [143] be **DENIED**, and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

10

**SO RECOMMENDED**, this 18th day of December, 2012.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE